**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| Midwest Division-MMC, LLC d/b/a Menorah Medical Center,<br><br>Plaintiff,<br><br>v.<br><br>NNOC-Missouri & Kansas/NNU, CALIFORNIA NURSES' ASSOCIATION,<br><br>Defendants. | Civil Action No. 2:20-cv-2372 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Midwest Division-MMC, LLC d/b/a Menorah Medical Center ("MMC" or the "Hospital") by and through its undersigned legal counsel, files this action seeking declaratory relief pursuant to the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq*. As discussed in more detail below, the Defendant labor organization has filed a grievance and demanded an arbitration panel, despite the fact that the Parties' collective bargaining agreement ("CBA") contains express provisions excluding the dispute involved from the CBA's grievance and arbitration provisions. Accordingly, the dispute is inarbitrable and Defendant must withdraw its demand for arbitration. Plaintiff asks this Court for a judgment so stating.

**JURISDICTION AND VENUE**

1. The federal question jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and Section 301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185.

2. Venue is appropriate in this Court as the collective bargaining relationship at issue and the dispute between the Parties arises within the territorial jurisdiction of this Court. In addition, as discussed below, the labor organization and its authorized officers or agents are engaged in representing or acting for employee members within this District.

## PARTIES

3. Plaintiff, MMC, is a Delaware corporation, with its principal place of business in Kansas. MMC operates a state-of-the-art hospital located at 5721 W. 119th Street, Overland Park, Kansas. MMC provides quality, compassionate healthcare services and is a leader in cancer care.

4. Defendant California Nurses' Association does business in Kansas as NNOC-Missouri & Kansas/NNU, an unincorporated labor organization which represents the employees of various employers (including MMC employees, as discussed below) throughout Missouri and Kansas and maintains its office and principal place of business at 222 W. Gregory Boulevard, Suite 241, Kansas City, Missouri, 64114 (collectively the "Union").

## THE COLLECTIVE BARGAINING AGREEMENT

5. MMC and the Union are parties to a CBA effective by its terms on October 21, 2018 and expiring on May 31, 2021, covering all Registered Nurses ("RN") employed by MMC. (Exhibit A).

6. Article 14: Grievance Procedure of the CBA covers the grievance provisions agreed to by the Parties for resolving certain disputes. Step One of the grievance procedure requires an authorized Union Representative to file a written grievance with the Manager of the Nursing Unit. If the grievance is not resolved in a mutually satisfactory manner, an authorized Union Representative may proceed to Step Two by submitting a written grievance to the Chief Nursing Officer ("CNO"). If a grievance affects more than one Unit or department of the Hospital,

and relief is unavailable from the immediate supervisor, it may be submitted immediately at Step Two.  Pursuant to Article 3: Arbitration of the CBA, if a grievance is not resolved at Step Two, the Union may advance the grievance to arbitration by submitting a written demand for arbitration to the CNO or previously authorized designee and by submitting a request to the Federal Mediation and Conciliation Service ("FMCS") for a panel of arbitrators.

7. However, the CBA expressly excludes certain disputes from these grievance and arbitration provisions, including the dispute at issue in this matter.

### CLAIM FOR DECLARATORY RELIEF

8. In accordance with the CBA, MMC provides certain benefits to its RNs, including but not limited to a 401(k) plan.  Issues regarding the 401(k) plan are governed by Article 5: Benefits of the CBA.

9. Article 5 is the only CBA provision governing the 401(k) plan, and no other provision imposes any obligation or restriction on MMC relating to the 401(k) plan.

10. Pursuant to Article 5, Section 2. A, MMC "may amend or terminate any of the plans referred to in [Article 5]" subject to certain conditions described in that provision. Significantly, Article 5 provides that any such amendments of any of the plans identified in that Article <u>and</u> any issues relating to the administration of such plans are **not** subject to the grievance or arbitration procedures of the CBA.  More specifically, Article 5 of the CBA specifically states, "No termination or amendment of a plan or any issues relating to administration or application of such plans, shall be subject to the grievance and arbitration provisions of this Agreement."

11. Notwithstanding this precise exclusion set out in the CBA, on June 19, 2020, the Union breached the contract between the parties by filing a purported class action grievance on behalf of "ALL effected[sic] RNs & the Union" alleging that the "Hospital unilaterally made

changes to the 401(k) in a manner that was discriminatory to the bargaining unit members & in violation of the contract." (Exhibit B) (emphasis in original). The remedy requested was for MMC to "[r]estore 401(k) contribution to previous level." *Id.*

12. The Union further breached the contract between the parties when it then proceeded with submitting an arbitration demand on July 6, 2020, and requesting an arbitration panel from FMCS on July 10, 2020, in direct contravention of the CBA's express exclusion of such a dispute from its arbitration provision.

13. There is no basis to the Union's claim that the changes to the 401(k) plan violated the CBA. Article 5, Section 2. A expressly allows the Hospital "to amend or terminate" the plan.

14. The allegation in the grievance that the changes to the 401(k) plan are discriminatory does not make the dispute grievable or arbitrable as explained above.

15. Moreover, Article 21: Mutual Responsibilities similarly provides that claims of discrimination cannot be grieved or arbitrated. More specifically, Article 21 of the CBA states, "The parties agree that the governmental agencies with jurisdiction over these [anti-discrimination and anti-retaliation] laws and regulations, and the courts should these laws and regulations so provide, have the expertise needed to address, and remedy if appropriate, alleged violations of these laws and regulations. Accordingly, allegations of such violations will not be subject to the grievance and arbitration provisions of this Agreement."

16. On July 21, 2020, counsel for the Hospital wrote to the Union, citing the CBA and asking the Union to immediately withdraw the grievance and its request for an arbitration panel. (Exhibit C). To date, the Union has not done so. The Union's conduct is illegal and improper and would result in harm to MMC by requiring it to arbitrate a claim expressly precluded by contractual agreement.

17. Plaintiff designates Kansas City, Kansas as the location of trial.

WHEREFORE, MMC seeks judgment against the Union:

(a) Declaring the grievance asserted by the Union not arbitrable;

(b) Directing the Union to withdraw its demand for arbitration and request for an arbitration panel;

(c) Temporarily, preliminarily, and permanently enjoining, prohibiting, and restraining the Union from attempting to arbitrate any grievance concerning the 401(k) plan under the current CBA;

(d) Awarding MMC its attorney's fees and cost of this suit; and

(e) Awarding MMC such other and further relief as the Court may deem proper.

Dated this 31st day of July, 2020.

Respectfully submitted,

*/s/Brent Coverdale*
Brent N. Coverdale
KS Bar No. 18798
SCHARNHORST AST KENNARD GRIFFIN, PC
1100 Walnut, Suite 1950
Kansas City, MO  64106
Telephone:   (816) 268-9419
Facsimile:    (816) 268-9409
Email:  bcoverdale@sakg.com

Patricia G. Griffith
GA Bar No. 311928
FORD & HARRISON LLP
271 17th Street, NW, Suite 1900
Atlanta, GA  30363
Telephone:   (404) 888-3831
Facsimile:    (404) 888-3863
Email:  pgriffith@fordharrison.com
(*pro hac vice* forthcoming)

Attorneys for Plaintiff

WSACTIVELLP:11660594.1

{00209184.DOCX}